UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDREA RILEY, ET AL. | * | |
|     Plaintiffs | * | |
| | * | CIVIL ACTION |
| | * | |
| v. | * | NO.: |
| | * | |
| | * | JUDGE |
| DASMEN RESIDENTIAL | * | |
| MANAGEMENT, LLC, ET AL. | * | |
|     Defendants | * | JURY DEMAND |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DASMEN RESIDENTIAL MANAGEMENT, LLC AND RH EASTLAKE, LLC'S
NOTICE OF REMOVAL**

TO:    William W. Blevins
        Clerk of Court
        United States District Court
        Eastern District of Louisiana
        500 Poydras Street
        Room C151
        New Orleans, LA 70130

Defendants, Dasmen Residential Management, LLC and RH Eastlake, LLC (collectively, "Defendants"), respectfully submit this Notice of Removal of the above-styled matter, and as cause therefore show as follows:

## I. BACKGROUND

1.

This class action began on November 15, 2019, when Plaintiffs, Andrea Riley, Angela Woodson, Ashley Brown, Dakota Blunt, and Cathy Harris (collectively, "Plaintiffs"), filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Andrea Riley, et al. v. Dasmen Residential Management, LLC, et al.*, bearing civil action

no. 2019-12035.[1]

2.

In Plaintiffs' Petition for Damages, Plaintiffs name Dasmen Residential Management, LLC ("Dasmen"), RH Eastlake, LLC ("RH Eastlake"), Eastlake Development, LLC ("Eastlake Development"), Latter & Blum Property Management, Inc. ("Latter & Blum"), KFK Group, Inc. ("KFK Group"), KFK Development, L.L.C. ("KFK Development"), LYND Property Management, LLC ("LYND"), and Wilshire Insurance Company ("Wilshire") as defendants.[2]

3.

According to the Petition for Damages, Plaintiffs are Named Plaintiffs and/or Class Representatives of a putative class consisting of more than 100 members.[3]

4.

As discussed more fully in Section III, *infra,* this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b)(1) within 30 days of Defendants' receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."[4]

5.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing the Orleans Parish, Louisiana—where the state court action is pending.[5]

---

[1] *See generally*, Copies of All Process, Pleadings, and Orders Served on Defendants, attached hereto as Exhibit A.
[2] *See id.* at ¶ 7.
[3] *See generally id.* at ¶¶ 36, 37.
[4] *See* Section III, *infra*.
[5] *See* 28 U.S.C. § 1441; 28 U.S.C. § 98(a) ("The Eastern District comprises the parishes of . . . Orleans . . . .").

## II. GROUNDS FOR REMOVAL—CLASS ACTION FAIRNESS ACT

6.

This Court has original subject matter jurisdiction over this mass action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because (A) there are more than 100 members of the proposed class, (B) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (C) there is diversity of citizenship between one plaintiff class member and one defendant.[6]

### A. Mass Action

7.

CAFA authorizes the removal of "mass actions," defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."[7]

8.

Plaintiffs allege in their Petition for Damages that, "Upon information and belief, there are about 442 units in the apartment complex and the time span of this case covers several years. There is a substantial probability that well over 1000 individual suits would have to be filed if class certification is denied by the trial court."[8] Plaintiffs further allege that, "This case satisfies the requirement [*sic*] elements of numerosity . . . and commonality" and that the proposed putative class represents members with "common claims against Defendants."[9] Accordingly, Plaintiffs' civil action is a mass action under CAFA.

---

[6] 28 U.S.C. § 1332(d)(2); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236 (5th Cir. 2015) (*citing Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 85-86 (5th Cir. 2013)).
[7] 28 U.S.C. § 1332(d)(11)(B)(i).
[8] *See* Ex. A, ¶ 36.
[9] *See* Ex. A, ¶¶ 34-35.

**B. Amount in Controversy**

9.

For "mass actions," removing defendant must show that at least one plaintiff's claim satisfies the $75,000 individual amount in controversy and that there is an aggregate amount in controversy in excess of $5,000,000, exclusive of interest and costs, relating to all class members, named or unnamed, whom fall under the definition of the proposed or certified class.[10] Removing defendant may adduce summary judgment evidence of the amount in controversy, or show that the amount is "facially apparent" from plaintiffs' pleadings alone.[11] The court must decide by a preponderance of the evidence whether the relevant amount in controversy is met.[12] The removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.[13] While the removing party may not rely solely upon conclusory statements, a "plausible allegation" is all that is required absent plaintiff opposition.[14] Once the removing party plausibly explains amount in controversy, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.[15]

10.

While Defendants deny all Plaintiffs' claims, it is facially apparent that Plaintiffs' Petition for Damages sufficiently establishes both amounts in controversy. First, Plaintiffs allege damages including bodily injury, emotional distress, loss of enjoyment of life, medical expenses,

---

[10] *See, e.g., Robertson v. Exxon Mobil Corp.*, 814 F.3d 236 (5th Cir. 2015).
[11] *E.g., Perritt v. Westlake Vinyls Co., L.P.*, 562 Fed. Appx. 228 (5th Cir. 2014).
[12] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).
[13] *Berniard v. Dow Chemical Co.*, 481 Fed. Appx. 859 (5th Cir. 2010) (*quoting Spivey v. Verture, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).
[14] *Dart Cherokee*, 574 U.S. at 87.
[15] *Berniard*, 481 Fed. Appx. at 862 (*quoting Spivey*, 528 F.3d at 986).

loss of earnings, loss of benefits, and future loss of earning capacity.[16] Specifically, Plaintiffs allege that Defendants' actions, or inactions, have created a "drastic state of general disrepair" at the 442-unit apartment complex where the putative class members reside, formerly resided, worked, or formerly worked, leading to the presence of and prolonged exposure to claimed hazardous "black mold" in Plaintiffs' units, the backing up of raw sewerage into the units, inadequate security in the apartment complex, increase in violent crime on the premises, water intrusion issues, and "a plethora of other dangerous conditions which created an unreasonable risk of harm to the residents."[17] Plaintiffs allege that Defendants' conduct constitutes a continuing tort of gross negligence, which creates an inference that the aforementioned dangers remain, and thus, Plaintiffs' injuries are ongoing.[18] Plaintiffs allege Named Plaintiffs suffered illnesses related to mold exposure, with several Named Plaintiffs suffering "severe illness" and even hospitalization due to mold exposure.[19] At least one Named Plaintiff continues to live in an apartment unit containing the claimed hazardous "black mold" and backed up raw sewerage, so severe that Plaintiffs seek recovery for the aforementioned damages.[20] Finally, Plaintiffs allege the New Orleans Department of Code Enforcement inspected the complex and the apartment units were "not found to be fit for the purpose of human habitation," which means that at least one Plaintiff must relocate.[21] The totality of the alleged factual allegations and injuries claimed by certain putative class members, if proven, likely establishes the requisite jurisdictional amount of $75,000.00 for at least one plaintiff.

11.

---

[16] *See* Ex. A, ¶ 10.
[17] *See id.* at ¶¶ 16, 29.
[18] *See id.* at ¶¶ 27-29.
[19] *See id.* at ¶¶ 1-5.
[20] *See id.* at ¶ 2.
[21] *See id.* at ¶ 29.

Second, for the purpose of CAFA jurisdiction and assuming Plaintiffs' allegations are true, which is denied, the Plaintiffs' proposed class description is sufficient to establish a potential aggregate amount in controversy that meets the required $5 million jurisdictional threshold.[22] Plaintiffs allege that well over 1000 individual suits would have to be filed if class certification is denied.[23] Indeed, Plaintiffs characterize the class as encompassing all "current and former residents and/or maintenance workers" of the 442-unit complex dating back several years.[24] Theoretically, Plaintiffs' proposed class could encompass thousands of members given the total number of apartments and occupancy periods. Thus, even "[a] minimal award compensating each member of such a substantial class for the alleged damages would more likely than not satisfy the jurisdictional"[25] amount of $5 million, exclusive of interest and costs. Again, Defendants deny Plaintiffs' claims, but assert that on its face Plaintiffs' Petition for Damages asserts claims that can easily be inferred to reach the amount in controversy requirements.

12.

Defendants have shown by a preponderance of the evidence that it is facially apparent from Plaintiffs' Petition for Damages that at least one Plaintiff's claim meets the minimum jurisdictional amount and that the aggregate amount in controversy encompassing potentially thousands of individual claims asserted by the proposed class members exceeds the jurisdictional minimum for mass actions.

---

[22] *See Bishop v. May and Young Hotel, LLC*, 2010 WL 11538366 (M.D. La. Sept. 30, 2010).
[23] *See* Ex. A, ¶ 36.
[24] *See* Ex. A, ¶¶ 36-37.
[25] *See May and Young Hotel, LLC*, 2010 WL 11538366, at *3.

**C. Minimal Diversity of Citizenship**

13.

Under CAFA, there need be only minimal diversity, such that at least one plaintiff and one defendant must be citizens of different states.[26]

14.

Plaintiffs are natural persons domiciled in Louisiana. For purposes of federal diversity jurisdiction, a natural person is deemed a citizen of the state where he or she is domiciled.[27] In the case at bar, the Petition for Damages states that Plaintiffs are "all persons of the full age of majority and *domiciled in the Parish of Orleans, State of Louisiana*."[28] Thus, at least one Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

15.

RH Eastlake is an LLC. The citizenship of an LLC for diversity purposes is determined by looking to the citizenship of its members.[29]

16.

At all times relevant, RH Eastlake was and is a single member LLC. Its sole member is RH New Orleans Holdings LLC. At all times relevant, RH New Orleans Holdings LLC was and is a single member LLC. Its sole member is RH New Orleans JV LLC. At all times relevant, RH New Orleans JV LLC was and is a single member LLC. Its sole member is RH New Orleans Holdings MM LLC. At all times relevant, RH New Orleans Holdings MM LLC was and is a

---

[26] 28 U.S.C. § 1332(d)(2)(A).
[27] *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").
[28] *See* Ex. A, at p. 1 (emphasis added).
[29] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("The citizenship of a LLC is determined by the citizenship of its members").

single member LLC. Its sole member, Mark Silber, is a citizen of the State of New York. Thus, RH Eastlake is a citizen of the State of New York for purposes of diversity jurisdiction.

17.

Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d) is satisfied in this case because at least one Plaintiff class member and one Defendant are citizens of different states.

### III. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

18.

Defendants have timely sought to remove this action under 28 U.S.C. 1446(b)(1) and the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2) does not apply to this removal under CAFA.

#### A. This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

19.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the plaintiff's initial pleading, that statute requires the notice of removal be filed within 30 days following service on the removing defendant.[30] Generally, however, "service of process is not an absolute prerequisite to removal."[31] The Fifth Circuit has found that § 1446(b) "consciously reflect[s] a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served."[32]

20.

---

[30] 28 U.S.C. § 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).
[31] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).
[32] *Id.*

On December 2, 2019, Plaintiffs effected service of their Petition for Damages on RH Eastlake.[33]

21.

As of the date of this Removal, Plaintiffs have not effected service of their Petition for Damages on Dasmen.[34]

22.

This Notice of Removal was filed less than 30 days after RH Eastlake received service of Plaintiffs' Petition for Damages and Dasmen may remove prior to receipt of the Petition for Damages. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

## B. The Forum-Defendant Rule Does Not Apply

23.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." However, "A class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought."[35]

24.

Because Defendants are removing a class action pursuant to CAFA, the forum-defendant rule does not apply, and therefore, the presence of a Louisiana defendant, such as Eastlake

---

[33] *See* Ex. A.
[34] *See generally* Ex. A.
[35] *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1750 (2019) (*quoting* 28 U.S.C. § 1453(b)).

Development,[36] will not bar Defendants' removal of this action.

## IV. CONSENT TO REMOVAL

25.

Generally, when a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[37]

26.

However, "A class action . . . may be removed by any defendant without the consent of all defendants."[38] This language simply amends the rule that "all defendants who have been properly joined and served must join in or consent to the removal of the action."[39]

27.

Here, Defendants need not obtain consent of all defendants to remove this class action.

## V. PROCEDURAL COMPLIANCE & CONCLUSION

28.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Defendants are attached hereto as Exhibit "A."

29.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

30.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel

---

[36] *See* Ex. A, ¶ 7(C).
[37] *See* 28 U.S.C. § 1446; *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990).
[38] 28 U.S.C. § 1453(b).
[39] *Home Depot*, 139 S. Ct. at 1750 (*quoting* 28 U.S.C. § 1446(b)(2)(A)).

certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

**WHEREFORE,** Defendants, Dasmen Residential Management, LLC and RH Eastlake, LLC, respectfully request that this Court assume full jurisdiction over this matter as provided by law. This Court has jurisdiction over the dispute because there is minimal diversity and a requisite amount in controversy for jurisdiction under the Class Action Fairness Act.

Respectfully submitted,

*/s/ Nicholas S. Bergeron*
ERNEST P. GIEGER, JR. (No. 6154)
Email: egieger@glllaw.com
MICHAEL E. HILL (No. 25708)
Email: mhill@glllaw.com
EMILY E. EAGAN (No. 29166)
Email: eeagan@glllaw.com
TUCKER T. BOHREN (No. 37039)
Email: tbohren@glllaw.com
NICHOLAS S. BERGERON (No. 37585)
Email: nbergeron@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
ATTORNEYS FOR DASMEN RESIDENTIAL MANAGEMENT, LLC AND RH EASTLAKE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings has been electronically filed this date and delivered to all counsel of record by Notice of Electronic Filing from the Court, by depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, via facsimile transmission or via electronic mail from the undersigned counsel, this 13th day of December, 2019.

*/s/ Nicholas S. Bergeron*
NICHOLAS S. BERGERON